UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 10-1242(DSD/JJK)

Raymond Kenneth Kmetz,

       Plaintiff,

v.                                 **ORDER**

City of New Hope, John
Doe Officers 1-5,

       Defendants.


      Ryan H. Ahlberg, Esq., Ahlberg Law, PLLC, 333 Washington Avenue North, Suite 300, Minneapolis, MN 55401, counsel for plaintiff.

      Jason M. Hiveley, Esq., Jon K. Iverson, Esq. and Iverson Reuvers, LLC, 9321 Ensign Avenue South, Bloomington, MN 55438, counsel for defendants.


This matter is before the court upon the motion to dismiss and for summary judgment by defendant City of New Hope (City). Based on a review of the file, record and proceedings herein, and for the following reasons, the court grants the motion.


**BACKGROUND**

This dispute arises out of the arrest of plaintiff Raymond Kenneth Kmetz on October 3, 2009. At approximately 5:30 p.m., New Hope Police Department Sergeant Douglas Brunner observed a white 1996 Cadillac Seville with Minnesota license plate 490AMB. Brunner Aff. ¶¶ 4-5. Brunner knew that Kmetz was driving a vehicle matching this description and that there was a warrant to arrest

Kmetz for making felony terroristic threats.  Id. ¶ 5.  Brunner pulled his squad car behind the Seville and identified Kmetz as the driver.  Id. ¶ 6.  Because Brunner knew that Kmetz had a history of threats of violence, Brunner called additional officers to assist in the arrest.  Id. ¶ 7.  Although Brunner did not activate his lights or siren, Kmetz pulled over, came to a stop and exited his vehicle.  Id.  Brunner pulled over approximately 20 feet behind Kmetz's vehicle.  Id. ¶ 8; Compl. ¶ 15.  Brunner then activated his squad car video recorder.

The parties dispute the following events.  According to Kmetz, he exited his vehicle and "hobbled to the truck [sic] area of his vehicle, using the car to assist him in walking and holding him up."  Compl. ¶ 14.  As a result of hip surgery, he claims that he "was required to walk with the assistance of a cane."  Id. ¶ 5.  The officer exited the squad car, pointed a weapon at Kmetz, ordered him to the ground, and when Kmetz responded that he could not because of hip surgery, immediately tasered him.  Id. ¶¶ 15-18.  Kmetz claims that he fell to the ground unconscious and remained unconscious until the ambulance arrived.  Id. ¶ 20.

The City's version of events differs.  According to the City, Kmetz exited his vehicle and walked directly toward the officer without hobbling, leaning on his vehicle or using a cane.  Brunner Aff.¶ 8.  As Kmetz approached the officer, he placed his left hand in his pants pocket.  Id. ¶ 9.  The officer drew his firearm and

ordered Kmetz to stop and get on the ground.  Id. ¶ 10.  Kmetz refused by shaking his head and saying no, and Kmetz kept his left hand in his pocket.  Brunner then fired his taser at Kmetz.  Id. ¶ 11.  Shortly thereafter, other officers arrived at the scene, and assisted in handcuffing and searching Kmetz.  Id. ¶ 12.  Brunner claims that Kmetz never lost consciousness.  Id. ¶¶ 13-14.

Video recordings from the squad cars of responding officers confirm the City's version of the facts.  The recording from Brunner's squad clearly shows Kmetz exit his car and walk briskly towards the squad car with his hand in his pocket.  Id. Ex. A, video 1.  Kmetz shakes his head and keeps his hand in his pocket. Id.  The video recordings also show that Kmetz was conscious when the backup officers arrived less than a minute after Brunner used his taser.  See id. Ex. A, videos 1, 2.  Kmetz remained seated on the hood of Brunner's vehicle until the ambulance arrived.  Id. Ex. A, video 2.

On March 31, 2010, Kmetz filed this action against the City and John Doe Officers 1-5, alleging assault, battery, respondeat superior and excessive force.  Defendants filed an answer and counterclaim.  See ECF No. 2.  Counsel for Kmetz filed a reply and a motion to withdraw as counsel.  See ECF Nos. 4-5.  A magistrate judge granted the motion to withdraw.  See ECF No. 11.  Thereafter, Kmetz failed to appear for a pretrial scheduling conference.  See ECF No. 14.  On September 3, 2010, defendants filed the instant

3

motion to dismiss pursuant to Federal Rules of Civil Procedure 12 or 41, or for summary judgment. ECF No. 15. On October 20, 2010, defendants served the motion and supporting documents on Kmetz via first class mail. See ECF No. 25; Fed. R. Civ. P. 5(b)(2)(C). Kmetz did not respond and, on January 4, 2011, the court ordered that Kmetz respond by January 18, 2011. Kmetz filed a memorandum in opposition on January 18, 2011.[1] The court now considers the motion.

## DISCUSSION

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)[2]; see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A fact is material only when its resolution affects the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. See

---

[1] Kmetz does not oppose the motion with respect to his assault claim.

[2] The court cites the version of Rule 56 in force at the time of the motion.

id. at 252.  On a motion for summary judgment, the court views all evidence and inferences in a light most favorable to the nonmoving party.  See id. at 255.

The nonmoving party, however, may not rest upon mere denials or allegations in the pleadings but must set forth specific facts sufficient to raise a genuine issue for trial.  See Celotex, 477 U.S. at 324.  Moreover, the court "cannot ignore incontrovertible evidence which clearly contradicts [a plaintiff's] allegations." Wallingford v. Olson, 592 F.3d 888, 892 (8th Cir. 2010).  "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." Id. (quoting Scott v. Harris, 550 U.S. 372, 380 (2007)).

**I.   Excessive Force**

The doctrine of qualified immunity protects police officers performing discretionary functions from liability for civil damages when their conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known."  Pearson v. Callahan, 129 S. Ct. 808, 815 (2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).  To determine whether qualified immunity applies, the court considers whether the

5

plaintiff has alleged facts which amount to a violation of a constitutional right and whether the right at issue was clearly established at the time of the alleged misconduct. Id. at 816.

The Fourth Amendment guarantees the right to be free from excessive force during a seizure of a person. Cook v. City of Bella Villa, 582 F.3d 840, 849 (8th Cir. 2009). "The force employed by an officer is not excessive, and thus not violative of the Fourth Amendment, if it was objectively reasonable under the particular circumstances." Id. (citation and internal quotation marks omitted). The court considers the objective reasonableness of an officer's conduct in light of the totality of the circumstances and the information that the officer possessed at the time of the alleged violation. See Rohrbough v. Hall, 586 F.3d 582, 586 (8th Cir. 2009). The court views the information from the perspective of a reasonable officer on the scene. See Graham v. Connor, 490 U.S. 386, 396 (1989).

Viewing the facts in the light most favorable to Kmetz, the evidence shows that (1) Kmetz was wanted for felony terroristic threats, (2) Brunner knew that Kmetz had a history of threatening violence towards others, and (3) Kmetz walked without assistance directly toward Brunner's squad car, placed and maintained his left hand in his pocket, and refused to comply with Brunner's commands. The video discredits Kmetz's version of the material facts. See Wallingford, 592 F.3d at 893. Under the circumstances, Brunner's

6

use of force was objectively reasonable, and does not violate the Fourth Amendment.  Therefore, summary judgment is warranted on Kmetz's excessive force claim.

**II.  State Law Claims**

Defendants argue that Kmetz's battery and respondeat superior claims are barred by official immunity and vicarious official immunity.  "[O]fficial immunity generally applies to prevent a public official charged by law with duties which call for the exercise of his judgment or discretion from being held personally liable to an individual for damages."  Schroeder v. St. Louis Cnty., 708 N.W.2d 497, 505 (Minn. 2006).  Official immunity does not apply if an official commits a willful or malicious wrong.  Id. An official commits a malicious wrong when he intentionally commits an act that he has reason to believe is prohibited.  See State ex rel. Beaulieu v. City of Mounds View, 518 N.W.2d 567, 571 (Minn. 1994) As a result, the court examines the "principally objective" legal reasonableness of the official's actions.  Id.

There is no evidence that Brunner or the other officers acted with malice in arresting Kmetz.  To the contrary, the video recording and other evidence show that defendants acted reasonably. Therefore, Brunner and the officers are entitled to official immunity from Kmetz's battery claim.

"In general, when a public official is found to be immune from suit on a particular issue, his government employer will enjoy

vicarious official immunity from a suit arising from the employee's conduct." Schroeder, 708 N.W.2d at 508.  In this case, the officers used discretion to determine the amount of force needed to arrest Kmetz safely.  Failing to grant vicarious immunity to the City would stifle the ability of police officers to perform their duties.  Therefore, the City is entitled to vicarious official immunity, and summary judgment is warranted.

## CONCLUSION

Accordingly, based upon the file, record and proceedings herein, and for the reasons stated, **IT IS HEREBY ORDERED** that defendants' motion for summary judgment [ECF No. 15] is granted. **LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  March 9, 2011

s/David S. Doty
David S. Doty, Judge
United States District Court